# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARAL HASANI EFIA BATTTLE-EL,<br>2985 Euclid Ave. #22<br>San Diego, Ca 92105<br>Plaintiff,<br>vs.<br>MERIT TRANSPORTATION LLC,<br>10330 So. 152th Street<br>Omaha, Ne.<br>(888) 767-3297<br>Defendant, et al. | CASE NO. 07cv2029 IEG (NLS),<br><br>**ORDER (1) GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS AND (2) DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM** |

Plaintiff, proceeding pro se, has submitted a civil complaint alleging Defendant is and has unlawfully withheld documents on which Defendant based it's termination of Plaintiff's employment in violation of the Freedom of Information Act ("FOIA"). Plaintiff has not prepaid the civil filing fee required by 28 U.S.C. § 1914(a); instead, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a).

**I.      Motion to Proceed Informa Pauperis**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

The Court has reviewed Plaintiff's affidavit of assets and finds it is sufficient to show that he is unable to pay the fees or post securities required to maintain this action. Accordingly, the Court **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a). The Clerk of Court

1 shall file the Complaint without prepayment of the filing fee.

2 **II.     Sua Sponte Screening per 28 U.S.C. § 1915(e)(2)**

3     **A.     Standard of Review**

4 However, any complaint filed by a person proceeding IFP is subject to sua sponte dismissal 5 to the extent it contains claims which are "frivolous, malicious, fail to state a claim upon which relief 6 may be granted, or seek monetary relief from a defendant immune from such relief." 28 U.S.C. 7 § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the 8 provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 9 1127 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits, but requires a district court to 10 dismiss an in forma pauperis complaint that fails to state a claim.").

11 "[W]hen determining whether a complaint states a claim, a court must accept as true all 12 allegations of material fact and must construe those facts in the light most favorable to the plaintiff." 13 *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *see also Barren v. Harrington*, 152 F.3d 1193, 14 1194 (9th Cir. 1998) (§ 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 15 12(b)(6)."). However, while liberal construction is "particularly important in civil rights cases," 16 *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992), the Court may not "supply essential elements 17 of the claim that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 18 F.2d 266, 268 (9th Cir. 1982). The district court should grant leave to amend, however, unless it 19 determines that "the pleading could not possibly be cured by the allegation of other facts" and if it 20 appears "at all possible that the plaintiff can correct the defect." *Lopez*, 203 F.3d at 1130-31.

21     **B.     Claims Against Merit Transportation LLC**

22 The Court concludes that Petitioner's Complaint should be dismissed for failure to state a 23 claim. The FOIA mandates that each agency make available to the public certain information. *See* 24 5 U.S.C. § 552. Under the statute, the term "agency" includes any executive department, military 25 department Government corporation, Government controlled corporation, or other establishment in 26 the executive branch of the Government, or any independent regulatory agency. 5 U.S.C. § (f)(1). 27 The FOIA applies only to federal agencies and not private corporations or individuals. *See Armstrong* 28 *v. Executive Office of the President*, 90 F.3d 553 (D.C. Cir. 1996). Defendant is a private corporation

and thus not subject to the requirements of the freedom of information act.  Accordingly, the Complaint is sua sponte **DISMISSED** for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2). *See Calhoun*, 254 F.3d at 845; *Lopez*, 203 F.3d at 1127.

**III.    Conclusion and Order**

Based on the foregoing, **IT IS HEREBY ORDERED** that:

(1)    Plaintiff's Motion to Proceed IFP per 28 U.S.C. § 1915(a) is **GRANTED**;

(2)    Plaintiff's FOIA claim is hereby **DISMISSED** sua sponte without prejudice for failing to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2).  Plaintiff is **GRANTED** thirty (30) days leave from the date this Order is filed to file a First Amended Complaint which addresses the deficiencies of pleading set forth above.  Plaintiff is cautioned that his First Amended Complaint must be complete in itself without reference to his original Complaint and that any Defendant not named and any claim not re-alleged will be considered waived.  *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

Moreover, if Plaintiff's Amended Complaint still fails to state a claim upon which relief can be granted or otherwise fails to survive the screening provisions of 28 U.S.C. § 1915(e)(2) for any reason, it may be subject to dismissal without any further leave to amend.  *See McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996).  Finally, if Plaintiff fails to comply with this Order altogether, the action shall remain dismissed without prejudice and without further Order of the Court pursuant to FED.R.CIV.P. 41(a).  *Id.*

**IT IS SO ORDERED.**

DATED: November 9, 2007

*Irma E. Gonzalez*
**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**